[No. 1344.    February 4, 1911.]

### TERRITORY OF NEW MEXICO v. YOUNG E. HURT, Appellee.

#### SYLLABUS.

An indictment for larceny under C. L. 1897, sec. 68, which reads: "And so the grand jurors aforesaid, upon their oaths aforesaid, do say, that the said Young E. Hurt, the said horse of the goods, chattels, and property of the said Carrizozo Cattle Ranch Company, Limited, of the value aforesaid, then and there, in the manner and form aforesaid, did then and there unlawfully and feloniously steal, take and carry away," held not to be demurrable for duplicity.

Appeal from the District Court for Lincoln County, before MERRITT C. MECHEM, Associate Justice. Reversed and remanded.

FRANK W. CLANCY, Attorney General, for Appellant.

The very wording of the indictment shows that no second offense was intended to be charged. 2 Bish. Crim. Proced., secs. 318, 319; Archibold's Crim. Pl. 275; C. L. 1897, sec. 68; Comm. v. Pratt, 132 Mass. 247; Rex. v. Johnson, 3 M. & S. 553; Rex. v. McGregor, 3 B. & P. 106; Rex v. Crichton, Russ. and Ry. 62; State v. Adams, 108 Mo. 211; State v. Lanier, 89 N. C. 519.

G. W. PRICHARD for Appellee.

The indictment is bad for duplicity, in that it charges two distinct offenses in each of the two counts. C. L. 1897, secs. 68, 79; State v. Wilson, 121 N. C. 650; Knopf v. State, 84 Ind. 316; Wharton's Cr. P. & P., sec. 343.

#### OPINION OF THE COURT.

PARKER, J.—This is a case in which the Territory has appealed from a judgment of the District Court of Lincoln County, quashing an indictment against defen-

dant. The indictment contains two counts, and the only ground urged against their validity was that two offenses were charged in each of the two counts. The indictment was drawn under Sec. 68, of the Compiled Laws of 1897, which provides that if any person shall brand an animal, the property of another, with any brand not the recorded brand of the owner, or shall efface, deface or obliterate any brand upon any animal, such person "shall be deemed guilty of larceny." The indictment charges in each of the two counts one of the two offenses specified in Sec. 68, and, after charging the statutory offense in the language of the statute, proceeds as follows: "And so, the grand jurors aforesaid, upon their oaths aforesaid, do say that the said Young E. Hurt, the said horse of the goods, chattles, and property of the said Carrizozo Cattle Ranch Company, Limited, of the value aforesaid, then and there, in the manner and form aforesaid, did then and there unlawfully and feloniously steal, take and carry away." The demurrer to the indictment was based upon the theory that the first part of each count, setting up an offense in the words of the statute, and the additional language above quoted, charged two separate and distinct offenses, one, the offense described in the statute, and the other, larceny. In sustaining the demurrer, the court evidently fell into error. The language above quoted is inserted for the purpose of making the formal charge of larceny and is in accordance with the approved forms of criminal pleading. There was no attempt on the part of the pleader to insert another and separate offense, and the counts are in no sense duplicitous. This seems to be elementary, and requires no citation of authority. For the reasons stated, the judgment of the court below is reversed, and the cause remanded, with instructions to overrule the demurrer of the indictment and to proceed in accordance herewith.